SECOND AMENDED DECISION
The above Decision is hereby further amended as follows: Page 4 is further amended to read:
water-based coating is preferable to the solvent-based coating because of economic savings in meeting environmental regulations, which affect the cost of producing solvent-based coatings but not water-based coatings.
The plaintiff has also proved that the defendant has learned about a particular coating machine, designed exclusively for the plaintiff. Unique to the industry, this machine is able to apply several necessary steps in the manufacture of coated paper in a single pass through the machine. Other producers are required to pass the product materials through their coating machines more than once to get the same end result which the plaintiff is able to get with a single pass.
The Court is satisfied that these procedures and techniques afford the plaintiff a temporary competitive advantage. The plaintiff reasonably desires to maintain the confidentiality of these developments and procedures as long as it can. The plaintiff reasonably believes that the details of these manufacturing processes are not generally known in the industry.
Nothwithstanding all of that, the plaintiff has failed to prove that the drastic relief it seeks is reasonably necessary to protect the confidentiality of its unique products and processes. The plaintiff has utterly failed to protect itself from post-employment disclosure of its confidential information by other of its employees, who are far more knowledgeable of that information than the defendant. Almost none of the key employees of the plaintiff has executed a non-competition agreement. Singling out employees at relatively low levels of employment, such as that of the defendant, rather than those at the middle and upper levels, for post-employment non-competition agreements suggests that the purpose of those agreements is not so much to protect an employer's trade secrets and